**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT STANLEY WOODS, AKA Saladin Rushdan, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HAAR; BREEN; TAYLOR; T. MACIAS, Chief Executive Officer; S. GATES, Chief HealthCare Appeals, <br><br> Defendants-Appellees. | No. 22-55253 <br><br> D.C. No. 2:19-cv-00695-ODW-KK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted December 8, 2022**

Before:    WALLACE, TALLMAN, and BYBEE, Circuit Judges.

California state prisoner Robert Stanley Woods appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and retaliation.  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014), and we affirm.

The district court properly granted summary judgment on Woods's deliberate indifference claim because Woods failed to raise a genuine dispute of material fact as to whether defendants Breen and Taylor were deliberately indifferent to his chronic keloids. *See id.* at 1068 (stating that a difference of opinion between a physician and a prisoner concerning appropriate medical care does not amount to deliberate indifference); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (explaining that a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice or negligence does not amount to deliberate indifference).

The district court properly granted summary judgment on Woods's retaliation claim because Woods failed to raise a genuine dispute of material fact as to whether defendant Haar's recommendation to transfer Woods did not reasonably advance a legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a prisoner must show that the challenged action did not reasonably advance a legitimate correctional goal." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

22-55253

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**